# EXHIBIT A

Electronically Issued
12/7/2017 2:50 PM

**SUMM**



# District Court
## CLARK COUNTY, NEVADA

BRIAN PEELER,

    Plaintiff,

vs.

RLI INSURANCE COMPANY, an entity licensed to do business in the State of Nevada; DOE INDIVIDUALS 1 through 10; XYZ CORPORATIONS 11 through 20; ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,

    Defendants.

CASE NO.:  A-17-765885-C
DEPT NO.:  Department 2

SUMMONS TO RLI INSURANCE COMPANY

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:**  **RLI INSURANCE COMPANY**

A civil Complaint has been filed by the Plaintiff against you for the relief as set forth in the Complaint.

1. If you wish to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

  a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

  b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of:
NETTLES LAW FIRM

_/s/ William R. Killip_

William R. Killip, Jr., Esq., Nevada Bar No. 3660
Attorney for Plaintiff
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282

STEVEN D. GRIERSON
CLERK OF THE COURT

By: _/s/ Michelle McCarthy_  12/8/2017
  Deputy Clerk      Date
  Regional Justice Center
  200 East Lewis Avenue
  Las Vegas, Nevada 89155
Michelle McCarthy

**NOTE:** When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure 4(b).

RECEIVED
DEC 1 3 2017
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
12/7/2017 2:50 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
WILLIAM R. KILLIP, JR., ESQ.
Nevada Bar No. 3660
JENNIFER A. PETERSON, ESQ.
Nevada Bar No. 11242
NETTLES LAW FIRM
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettleslawfirm.com
bill@nettleslawfirm.com
jennifer@nettleslawfirm.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BRIAN PEELER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>RLI INSURANCE COMPANY, an entity licensed to do business in the State of Nevada; DOE INDIVIDUALS 1 through 10; XYZ CORPORATIONS 11 through 20; ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>Defendants. | CASE NO  A-17-765885-C<br>DEPT NO.   Department 2<br><br>**C O M P L A I N T** |

COMES NOW Plaintiff BRIAN PEELER ("Mr. Peeler" and/or "Plaintiff") by and through his counsel, Brian D. Nettles, Esq., William R. Killip, Jr., Esq., and Jennifer A. Peterson, Esq., of the Nettles Law Firm, and for his causes of action against Defendant RLI INSURANCE COMPANY ("RLI" and/or "Defendant"), complains and alleges as follows:

///

## GENERAL ALLEGATIONS

1. Mr. Peeler is, and at all relevant times was, an individual residing in Clark County, Nevada.

2. On information and belief, RLI is, and at all relevant times was, an insurance company authorized to write insurance policies in the State of Nevada.

3. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of Defendants Does 1 through 10, XYZ Corporations 11 through 20, and ABC Limited Liability Companies 21 through 30 ("Does/XYZ/ABC"), inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

4. On information and belief, Does/XYZ/ABC participated in the ownership, management, control, entrustment, supervision, execution, driving, and/or provision of the services and actions involved in this action; Does/XYZ/ABC include, but are not limited to, owners, operators, managers, supervisors, employers, contractors, insurers, governmental authorities, and their agents, servants, representatives, employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates, predecessors, and/or successors in interest.

5. On information and belief, Does/XYZ/ABC are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

6. On information and belief, Does/XYZ/ABC were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions against them of which the Plaintiff is presently unaware.

7. On information and belief, at all times herein mentioned, certain of the Defendants acted as the agent, servant, representative, employee, partner, and/or joint venturer of certain other Defendants, and at all said times were acting in the full course and scope of said agency, service, representation, employment, partnership, and/or joint venture.

///

8. At all relevant times, Daniel Joseph Hoskins ("Mr. Hoskins") was the driver of a 2014 Toyota Camry ("Vehicle 1").

9. At all relevant times, Mr. Peeler was the driver of 2015 Toyota Tundra ("Vehicle 2").

10. Mr. Peeler's employer, Wallace-Morris Kline Surveying ("Wallace-Morris"), was the registered owner of Vehicle 2.

11. On information and belief, Wallace-Morris authorized Mr. Peeler to drive Vehicle 2.

12. On or about May 18, 2015, Mr. Hoskins was driving Vehicle 1 westbound on Russell Road, near the northbound I-15 on-ramp.

13. At approximately the same time, upon leaving work, Mr. Peeler was driving Vehicle 2 eastbound on Russell Road, about to enter the northbound I-15 on-ramp on a green light.

14. Mr. Hoskins failed to obey his red traffic signal, causing Vehicle 1 to strike the right side of Vehicle 2 ("subject accident").

15. As a result of Mr. Hoskin's negligence, Mr. Peeler suffered bodily injury, which required him to seek medical treatment, resulting in great pain, suffering and anxiety, and being unable to fully attend to his usual activities, including household tasks.

16. Mr. Hoskins' liability policy provided coverage in the amount of $15,000 per person and $30,000 each occurrence, and was inadequate to compensate the Plaintiff for his loss.

17. Wallace-Morris was at all times insured under a policy of automobile insurance issued by RLI and/or Does/XYZ/ABC, identified as policy no. PSA0001352 ("RLI Policy").

18. The RLI Policy provided coverage for $1,000,000.00, and was adequate to compensate the Plaintiff for his loss.

19. As a result of the subject accident, the Plaintiff has incurred $80,444.00 in medical treatment to date, and will be required to undergo future treatment.

20. The Plaintiff promptly submitted a claim to RLI pursuant to the UIM benefit provision of the policy, and complied with all of Defendant's requests for further information,

-3-

and otherwise fully cooperated in Defendant's investigation of the claim, having been led to believe that the claim would be paid by the Defendant once said investigation was complete.

21. On or about November 14, 2017, RLI offered $45,000.00 to compensate the Plaintiff for his loss.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein.

23. Wallace-Morris entered into a valid contract, the RLI Policy, with the Defendant, wherein the Defendant agreed to, among other things, provide uninsured/underinsured motorist coverage in the amount of $1,000,000.00.

24. On information and belief, Mr. Peeler was an authorized driver under the RLI Policy.

25. Wallace-Morris fully performed all of its duties under the RLI Policy.

26. On or about May 18, 2015, Mr. Hoskins was an uninsured/underinsured motorist as defined in the RLI Policy.

27. Plaintiff is legally entitled to recover damages well in excess of the amount received from Mr. Hoskins.

28. The Defendant breached the RLI Policy by, among other things, refusing Plaintiff the compensation due under the uninsured/underinsured coverage provisions.

29. As a direct and proximate result of Defendant's breach of the RLI Policy, Plaintiff is entitled to recover damages in excess of $15,000.00.

30. Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

///
///
///

## SECOND CAUSE OF ACTION

**(Contractual Breach of Implied Covenant and Good Faith and Fair Dealing)**

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32. Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

33. Defendant breached its duty of good faith and fair dealing by, among other things, refusing Plaintiff full compensation due under the uninsured/underinsured coverage provisions.

34. Plaintiff has been damaged by the Defendant's breach of the implied warranty of good faith and fair dealing in an amount in excess of $15,000.00.

35. Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

## THIRD CAUSE OF ACTION

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing)**

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 as though fully set forth herein.

37. Implied in every contract in the State of Nevada, including the RLI Policy, is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

38. The Defendant owed a duty of good faith and fair dealing to the Plaintiff.

39. There was a special element of reliance between the Plaintiff and the Defendant, where the Defendant was in a superior or entrusted position.

40. The Defendant breached the RLI Policy's covenant of good faith and fair dealing by, among other things, refusing the Plaintiff full compensation due under the uninsured/underinsured coverage provisions.

41. The Defendant's breach of the RLI Policy's covenant of good faith and fair dealing was tortious because it was oppressive, fraudulent, and/or malicious.

42. Because the Defendant's tortious breach of the RLI Policy's covenant of good faith and fair dealing was oppressive, fraudulent, and/or malicious, the Plaintiff is entitled to punitive and/or exemplary damages.

### FOURTH CAUSE OF ACTION

### (Unfair Practices in Settling Claims)

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 as though fully set forth herein.

44. The Defendant has violated several provisions of Nev. Rev. Stat. § 686A.310 by, among other things, failing to acknowledge and act with reasonable promptness in response to communications from Plaintiff, and failing to effectuate prompt, fair and equitable settlements of Plaintiff's claims.

45. The Plaintiff has been damaged by the Defendant's unfair practices in an amount in excess of $15,000.00.

46. The Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

### FIFTH CAUSE OF ACTION

### (Declaratory Relief)

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 as though fully set forth herein.

48. Under Nev. Rev. Stat. § 30.010 et seq., the Uniform Declaratory Judgment Act, any person interested under a written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a contract, may have determined any questions of construction or validity arising under the contract and obtain a declaration of rights, status or other legal relations thereunder.

49. A justiciable controversy exists, as the Plaintiff has asserted claims of right to indemnification for his losses from the Defendant, and the Defendant has an interest in contesting Plaintiff's claims of right.

50. The Plaintiff has a legally-protectable interest in the controversy, i.e., his right to indemnification from the Defendant.

51. The issue involved in the controversy is ripe for judicial determination because there is substantial controversy, among parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

52. Accordingly, the Plaintiff requests a declaratory judgment that the Defendant owes him a duty to indemnify him on his uninsured/underinsured claim.

53. The Plaintiff has been required to retain the services of counsel to prosecute this matter, and, as such, is entitled to an award of costs and reasonable attorneys' fees incurred herein.

///
///
///

**WHEREFORE**, the PLAINTIFF prays for judgment against the DEFENDANT as follows:

1. For damages in excess of $15,000.00;
2. For a sum in excess of $15,000.00 for past, present and future loss of consortium;
3. For lost wages in an amount to be determined at trial;
4. For punitive and/or exemplary damages;
5. For interest as permitted by law;
6. For a declaratory judgment;
7. For costs and attorneys' fees; and
8. For such other and further relief as the Court deems proper.

DATED this ⌀ day of December, 2017.

NETTLES LAW FIRM

BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
WILLIAM R. KILLIP, JR. ESQ.
Nevada Bar No. 3660
JENNIFER A. PETERSON, ESQ.
Nevada Bar No. 11242
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettleslawfirm.com
bill@nettleslawfirm.com
jennifer@nettleslawfirm.com
*Attorneys for Plaintiff*